U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RALPH M. MOSELEY,

    Plaintiff,

vs.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,
a Foreign Corporation,

    Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **RALPH M. MOSELEY**, by and through his undersigned counsel, hereby sue the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Corporation**, and alleges as follows:

## PARTIES

1. Plaintiff, **RALPH M. MOSELEY**, was and is a resident of and domiciled in the State of South Carolina, and resides in Gaston, Lexington County, South Carolina.

2. At all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE**, was and is incorporated in the State of Florida and maintains its principal place of business in the State of Florida, located at: 3655 NW 87 Avenue, Doral, Florida, 33178.

## JURISDICTION AND VENUE

3. Plaintiffs brings their complaint under federal diversity jurisdiction pursuant to 28 USC §1332 as the parties are completely diverse in citizenship and the amount in controversy

exceeds $75,000.00.

4. Venue is proper in the United States District Court for Southern District of Florida pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendants.

5. At all times material, Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE** (hereinafter "Defendant") personally or through an agent:

   A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   B. Maintained its principal place of business in Miami-Dade County, Florida;

   C. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

   D. Operated vessels and provided vessels for cruises in the waters of this state;

   E. Committed one or more acts as set forth in F.S. §§ 48.081, 48.181 and 48.193, which submit Defendant to the jurisdiction and venue of this Court. Further, Defendant is subject to the jurisdiction of the Court due to the foregoing and 28 U.S.C. § 1333;

   F. The acts of Defendant set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## GENERAL ALLEGATIONS

7. On or about January 30, 2019, the Plaintiff, **RALPH M. MOSELEY**, was lawfully and legally aboard the Carnival *Elation* as an invitee and paying passenger with the actual and/or constructive consent of Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE**.

8. On or about January 30, 2019, the Defendant owned and operated a passenger cruise ship known as the *Elation*, such vessel being used as a passenger cruise vessel.

9. At all times relevant to this action, Defendant, **CARNIVAL** was engaged in the business of providing to the public, for compensation, vacation cruises aboard its vessel, the Carnival *Elation* and excursions on its privately owned island, Half Moon Cay.

10. Defendant, **CARNIVAL,** markets and promotes its privately owned island, Half Moon Cay, to its passengers, including Plaintiff.

11. Half Moon Cay in the Bahamas, known as Carnival's private island resort, is famous for its sandy beaches, activities and excursions, and meals.

12. Although Carnival provides many of lounge chairs on Half Moon Cay along the beach, passengers can rent cabanas, beach villas and clamshell-shaped shades.

13. On or about January 30, 2019, the Plaintiff, **RALPH M. MOSELEY**, and his wife were on Half Moon Cay, and were planning a relaxing day on the beach.

14. As Half Moon Cay does not have palm trees to offer shade from the sun, the Plaintiff and his wife intended on renting a clamshell-shaped shade.

15. On or about January 30, 2019, the Plaintiff asked a lifeguard where he could rent a shade. The lifeguard directed him to a small building with a platform made of wooden planks in front of it.

## COUNT I – NEGLIGENCE OF CARNIVAL

16. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 15 as though alleged originally herein.

17. On January 30, 2019, while a passenger aboard the Carnival *Elation*, the Plaintiff, **RALPH M. MOSELEY**, was seriously injured on Half Moon Cay when he tripped and fell on an

uneven plank deck surface. As a result of this incident, Plaintiff sustained injuries to his knee, back, foot and shoulder

18. The deck was located directly in front of and attached to a building where shades, and other equipment, were available for rent.

19. At all times material hereto Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

20. At all times material hereto, the Defendant's actions and/or inaction created a foreseeable and unreasonable risk of harm to the Plaintiff, **RALPH M. MOSELEY**.

21. Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

   A. Failing to maintain structures on its island, Half Moon Cay, in a reasonably safe condition;

   B. Failing to exercise reasonable care for the safety of its passenger and in creating a dangerous condition on Half Moon Cay;

   C. Failing to properly maintain the walkways, including the wooden decks, on Half Moon Cay in a reasonably safe condition;

   D. Failing to inspect the walking surfaces on Half Moon Cay in a sufficient manner to discover uneven, broken, missing, or defective wooden decks;

   E. Failing to provide reasonable walkways, including wooden deck surfaces, on its privately owned island, Half Moon Cay, reasonably designed for use by its passengers;

   F. Failing to warn passengers, including Plaintiff of the defective and uneven wooden plank, of which Defendant knew of or in the exercise of reasonable care should have known of in the subject area, particularly in light of prior similar incident on Half Moon Cay;

  G. Negligently establishing and enforcing a method of operation on its privately owned island for inspection and maintenance of the walking surfaces, including all wooden planks where Plaintiff fell;

  H. Allowing a dangerous condition to exist notwithstanding prior similar injury incidents on walking surfaces on Half Moon Cay;

  I. Creating or allowing to be created a dangerous condition on the walking surface;

  J. Failing to adopt policies and procedures for the orderly and safe inspection and risk assessment of the island, its wooden plank surfaces and walkways to discovery dangerous conditions or in the exercise of due care should reasonably be discovered, such as the above described dangerous and uneven plank;

  K. Failing to train crew members in risk assessment, inspection and reporting requirements including but not limited to preparation and responding to corrective action reports;

  L. Failing to comply with its own internal policies and procedures established by the ISM Code, SMS, and other internal operational procedures required by the ISM Code, SOLAS, and all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 <u>et. seq</u>., 46 USC Section 3201 <u>et. seq</u>.

  M. Engaging in a negligent mode of operation that allowed the foregoing to occur;

  N. In other ways that will be determined through discovery.

22. As a direct and proximate result of Defendant's negligence, Plaintiff, **RALPH M. MOSELEY**, suffered bodily injuries resulting in pain and suffering; physical and mental pain and anguish; disability; loss of capacity for the enjoyment of life; expense of hospitalization, surgery, and medications; loss of earnings in the past, loss and/or impairment of the ability to earn money; expenses for physical and occupational therapy, and medical expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **RALPH M. MOSELEY**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE**, and any such other relief to which the Plaintiff may be justly entitled.

Dated: January 30, 2020.

                                     HOLZBERG LEGAL
                                     Offices at Pinecrest II, Suite 220
                                     7685 S.W. 104th Street
                                     Miami, Florida 33156
                                     Telephone: (305) 668-6410
                                     Facsimile: (305) 667-6161

                                   BY:   ***/s/Glenn J. Holzberg***
                                                     GLENN J. HOLZBERG
                                                     Fla. Bar # 369551