UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 20-cv-20419-KMM

RALPH M. MOSELEY,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,
a Foreign Corporation,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, CARNIVAL CORPORATION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [DE9]**

Plaintiff, **RALPH MOSELEY**, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure, hereby respond in opposition to Defendant, **CARNIVAL CORPORATION**'S Motion to Dismiss Plaintiff's Complaint [D.E. 9] and rely in good faith on the following memorandum of law.

**INTRODUCTION**

Defendant, CARNIVAL CORPORATION'S Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim should be denied because the Complaint sets forth sufficient and plausible factual allegations consistent with the Twombly standard. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-559 (2007)**.** The arguments raised by the Defendant, CARNIVAL CORPORATION ("Carnival"), are incorrect as the allegations in plaintiff's complaint [D.E. 1] involve questions of fact to permit this pleading to stand and deny defendant's motion that are improper to raise at this juncture.

This matter arises out of the personal injuries suffered by the Plaintiff, who was a passenger aboard Defendant, CARNIVAL CORPORATION'S cruise. [D.E. 1, ¶7]. As part of the cruise experience, Carnival offered its passengers, including Plaintiff, the opportunity to go to Carnival's private island [D.E. 1, ¶11-13]. Plaintiff succinctly alleges that the island, Half Moon Cay is a Carnival "privately owned island" [D.E. 1, ¶9], that Carnival "markets and promotes it's privately owned island, Half Moon Cay, to it's passengers, including plaintiff [D.E.1, ¶10] and that Half Moon Cay is "known as Carnival's private island resort; and provides amenities including "lounge chairs, rental cabanas, beach villas, and clam shell-shaped shades" in order for passenger's, including plaintiff and his wife, to "relaxing day on the beach." [D.E. 1, ¶12, 13]. Plaintiff also alleged in his complaint "As Half Moon Cay does not have palm trees to offer shade from the sun, the plaintiff and his wife intended on renting a clam shell-shaped shade." [D.E. 1, ¶14] and accordingly "asked a lifeguard where he could rent a shade. The lifeguard directed him to a small building with a platform made of wooden planks in front of it". [D.E. 1, ¶15].

Plaintiff further alleged that he "was seriously injured on Half Moon Cay when he when he tripped and fell on an uneven wooden plank deck surface," [D.E. 1, ¶17]; and that "the deck located directly in front of and attached to a building where shades, and other equipment where other equipment was available for rent". [D.E. 1, ¶18].

Plaintiff respectfully submits that these specific and detailed allegations clearly articulate "enough facts to state a claim to relief that is plausible on it's face" which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged". *Twombly,* 550 U.S. at 570 (2007)*, Ashcroft v. Iqbal,* 556 U.S. 662 (2000). Plaintiff's allegations meet this

requirement and go well beyond allegations that must include "more than an unadorned - defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555.

Plaintiff does not dispute that Federal Maritime Law governs his claims, or that the principle extends to torts occurring at offshore locations or ports of call during his cruise. What plaintiff does dispute, however, is defendant's application, as a basis for dismissal, of hyper technical and detailed pleading that insist, under the guise of the *Twombly* "plausibility standard" to require rote allegations of "prior similar incidents" which "detail where and when the incidents occurred, how they are similar to the subject incident, or how Carnival learned of these incidents." [D.E. 9, pp. 5]; and in failing because plaintiff has not "connect[ed] any prior incident[s] to the subject incident", and to sufficiently allege that "Carnival had notice of the risk-creating condition of which he complains."

## Memorandum of Law

**I. The Complaint properly and succinctly states a claim for Negligence setting forth the Plaintiffs' entitlement to relief and factual allegations in support the claim.**

"A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Moranos v. Royal Caribbean Cruises, Ltd.*, 565 F. Supp. 2d 1337, 1338 (S.D. Fla. 2008) (citing *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)) (emphasis added). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary, the statement need only "give the defendant fair notice of what the... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

In sum, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Bluegreen Corp. v. PC Consulting, Inc.*, 0780385CIV-RYSKAMP, 2007 WL 2225983 (S.D. Fla. July 31, 2007) (citing *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995)) (emphasis added). As such, this Court has routinely stated that such motions are "viewed with disfavor and rarely granted." *Jackson v. BellSouth Telecommunications, Inc.*, 181 F. Supp. 2d 1345 (S.D. Fla. 2001), aff'd sub nom. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004). Furthermore, the well pled allegations in the complaint must be construed in the light most favorable to the plaintiff. *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1228 (11th Cir. 2014).

In applying these standards to this case, it is clear that Carnival's Motion to Dismiss for failure to state a claim should be denied.

**A. Count I. The Complaint properly and succinctly states a claim for Negligence.**

Count I of Plaintiff's Complaint alleges Negligence against Carnival. In order to satisfy the burden of proof in a negligence action, a plaintiff must show that: (1) the defendant owed plaintiff a duty; (2) the defendant breached that duty; (3) the breach was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Hasenfus v. Secord*, 962 F. 2d 1556, 1559-60 (11th Cir. 1992).

In its Motion to Dismiss, Carnival raises three issues alleging: first, Plaintiff failed to allege specific facts showing that Carnival knew or should have known of the dangerous conditions giving rise to a duty to warn; second, that the creation of the dangerous condition does not automatically impute knowledge to Carnival; and third, that the ISM Code does not apply to land and does not create a duty of care. Plaintiff does not dispute that the ISM code does not

apply to this land-based tort and therefore withdraws that allegation. The remaining issues raised by Carnival's Motion to Dismiss are addressed separately below.

### 1. Carnival's Notice of the alleged Dangerous Condition

In its Motion to Dismiss, Carnival raises the issue of a failure of Plaintiff to properly plead notice and states that the Complaint fails to allege that Carnival knew or should have known of the dangerous condition on its own private island [D.E. 9, ¶ 4]. However, as demonstrated above, Plaintiff's Complaint [D.E. 1 ¶ 8 -18], in paragraphs 8 through 18 alleges, with sufficient plausibility facts which at the pleading stage, demonstrate that Carnival either reasonably knew or should have known of this dangerous condition. Plaintiffs' allegations also plausibly allege that the accident was caused because Carnival failed to inspect and/or police walking surfaces "in a sufficient manner to discover uneven, broken, missing or defective wooden decks" [D.E, 1, ¶ 21(d)] an unsafe condition on the private island, Half Moon Cay, which was not adequately inspected and/or maintained [D.E. 1, ¶ 21(a)-(n)]. These are all "risk creating" or "dangerous" conditions, of which Carnival, as owner and operator of the private island, acting with reasonable care under the circumstances and in a diligent manner should discover and remedy. The allegations therefore set forth enough factual matters (taken as true) to suggest that Carnival was negligent in accordance with Federal Rule of Civil Procedure 8(a) and *Iqbal* and *Twombly*.

Plaintiff's allegations provide Carnival with notice of the nature of his claim and are sufficient to draw a reasonable inference of negligence. See *Propenko v. Royal Caribbean Cruise Ltd.*, 10-20068, 2010 U.S. Dist. Lexis 37618 (S.D. Fla. Apr. 15, 2010) (allegation that plaintiff "was caused to fall on water on deck of the ship at or near the swimming pool, causing her serious injury" was "sufficient to draw a reasonable inference of negligence" under *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Moreover, the Plaintiffs are not required to

plead evidence, nor are they required to plead every single fact upon which their claim is based. See *Gentry v. Carnival Corp.*, 11-21580-CIV, 2011 WL 4737062 (S.D. Fla. 2011) ("[plaintiff] is not required to plead evidence, nor even all the facts upon which her claim is based").

Contrary to Carnival's assertions, the Complaint includes factual allegations and not simply formulaic legal allegations, as the Eleventh Circuit found adequate to state a cause of action for negligent failure to warn in *Chaparro v. Carnival Corp.*, 693 F.3d 1333 (l1th Cir. 2012). In *Chaparro*, the Eleventh Circuit held that "the plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro*, 693 F.3d. at 1337 (quoting *Twombly*, 550 U.S. at 556).

Carnival's Motion to Dismiss cites to *Polanco v. Carnival Corporation*, No. 10-21716-CIV, 2010 WL 11575228, (S.D. Fla. Aug. 11, 2010). Carnival's reliance upon Polanco v. Carnival Corp., is misplaced because *Polanco* predated *Chaparro* and likely would have been decided differently post-*Chaparro*. *Polanco* is distinguishable from the instant case, as *Polanco* refers to prior incidents during an excursion and not on Carnival's own private island. Judge Jordan relies on the summary judgement ruling in *Isbell*, 462 F.Supp.2d at 1237, which is distinguishable because in that case the Plaintiff "failed to show that cruise line had constructive knowledge of snakes in [a] river" provided by a third party tour operator and not of the dangerous condition found on a Carnival's own private island. Unlike in *Isbell,* "[t]he facts alleged in the [Plaintiff's] complaint are plausible and raise a reasonable expectation that discovery could supply additional proof of liability." *Chaparro*, 693 F.3d at 1337.

Additionally, Carnival relies on *Zhang v. Royal Caribbean Cruises, Ltd.* Omnibus Order Granting Motions to Dismiss, No. 19-cv-20773-Scola, [D.E. 40], (S.D.Fla. Nov. 15, 2019). *Zhang* is distinguishable from the instant case as the prior incidents are with regards to third

party bus operators and not of an incident that occurred on Carnival's own private island. The Zhang case involved around a passengers claim that he suffered a back injury when the bus he was riding to the excursion destination hit a pot hole and threw him up into the air and back down where his back hit the edge of his seat. Id. at 5-6. The court found the plaintiff failed to explain how any of the alleged inspections by the cruise line could have alerted it to the dangerous condition that ultimately resulted in injury, the pothole. *Id.* The *Zhang* complaint also failed to set forth how the bus driver was actually incompetent. Accordingly, *Zhang* involved reasonable issues about whether Plaintiff, in an excursion setting, could plausibly allege a factual basis to later establish new cruise lines negligence, which is very different from the facts alleged in the instant complaint.

In this case, Plaintiff alleges that an uneven, broken and defective wooden deck on a private island, which Carnival sends thousands of passengers to every week as well as many crew members to service the passengers, the island's facilities, to provide entertainment, activities, and food and beverage, creating a dangerous and hazardous condition. "A maritime plaintiff can establish constructive notice with evidence that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures'." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710 (11th Cir. 2019) Citing *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 65 (2d Cir. 1988). Additionally, it not necessary that plaintiff allege additional, specific facts; it is only necessary that the allegations in their complaint "raise a reasonable expectation that discovery will reveal evidence" corroborating their claims. *Twombly*, 550 U.S. at 556, 570. The very allegations made by Plaintiff-that this wooden deck was worn, defective, and that have missing or broken portions, speaks to the length of time during which such condition would become hazardous, and is a hornbook example of constructive notice and evidence of deferred

maintenance that raise serious issues of a landowners or operators conduct in maintaining its premises and allowing hazards to exist without remedy or warning.

In addressing plaintiff's pleading requirement as to whether Defendant "knew or should have known" of a dangerous or defective condition, Magistrate Judge Goodman in *Ash v. Royal Caribbean Cruises Ltd.,* which involved an excursion bus crash on foreign soil, stated:

> . . . As a practical matter a personal injury plaintiff is often unaware of specific facts demonstrating that the defendant knew or should have known of a dangerous condition at the time the lawsuit was filed, before taking discovery. Plaintiff sometimes obtains evidence of the defendants' knowledge during discovery such as by obtaining evidence that the defendant was aware of prior injuries occurring under similar circumstances. *Ash v. Royal Caribbean Ltd.*, 2014 WL 6682514 *6 (S.D. Fla. 2014).

Likewise, here, requiring minute specificity as to prior incidents is both impractical and unnecessary under *Chaparro*. Plaintiff has adequately, and plausibly set out facts which allege notice. To the extent that the Court concludes that these allegations are not specific enough, the Plaintiff respectfully requests leave to amend his Complaint.

### 2. Carnival's Creation of the Dangerous Condition

Defendant Carnival also alleges that Plaintiff attempts to argue that notice exists simply because Carnival created the dangerous condition, and that "awareness cannot be imputed on a defendant just because the defendant created the condition" *Pizzino v. NCL (Bahamas) Ltd*., 709 Fed. Appx. 563, 566-567 (11th Cir. 2017). Moreover, the Defendant alleges that "Plaintiff has not alleged any facts that would establish that carnival created the dangerous condition nor that it had any knowledge that the dangerous condition existed. Therefore, it cannot be said that carnival had noticed simply because it may have created the condition which caused the plaintiffs alleged incidents."

For the reasons described herein above played it has more than adequately and plausibly alleged facts that established that Carnival's repeated use by passengers and crew and others

Carnival employees who provide services on the island and by the very nature of the rotting and worn wood surfaces throughout the island including where plaintiff fell alleges constructive notice and, arguably, creation by deferred maintenance and repeated inaction over time. *Pizzino* is wrong. It was decided wrongly and improperly in a narrow focus on constructive notice.[1] Actual notice and creation are alternative methods of proving and establishing a land owner/operators' negligence and liability under both longstanding premises liability law and general maritime law. The *Kermarec* standard, under *Kermarec v. Compagnie General Transatlantique*, 358 U.S. 625, 629-632 (1959), of "reasonable care under the circumstances" has ample room to allow a plaintiff to plead and the jury to find liability under the facts alleged in the instant complaint.

The Defendant repeatedly references the *Keefe* and *Everett* decisions to support its arguments. *Keefe* involved an injury to a passenger dancing on exterior ship deck. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318 (11th Cir. 1989). *Everett* involved an injury caused by a raised threshold on a fire door. *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990). Both cases stand for the basic propositions that 1) vessel owners are not insurers of their passengers' safety and 2) as a result, vessel owners should only be held responsible for their own negligence. The Defendant also references *Kornberg* for the same proposition which involved the failure of a ship's onboard sanitation system. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F. 2d 1332 (11th Cir. 1984).

This analysis however ignores the conduct of crew members, acting as agents of the defendant cruise ship operator and for whom the cruise ship owner/operator are vicariously

---

[1] Robert D. Peltz, The Eleventh Circuit Gives Carriers a Get out of Jail Free Card - Why It Got Pizzino Wrong, 44 Tul. Mar. L.J. 63 (2019)

liable, and who actively participated in the negligence leading to injury through their own failures. These actions for which the cruise lines, including Carnival, are on actual notice when crew fail to follow proper procedures, and perform work duties improperly, improperly inspect and maintain walkway surfaces and decks, and they fail to implement proper procedures regarding inspection, maintenance, and reporting of dangerous and hazardous conditions, and fail to adopt sufficient procedures. Each of Plaintiff's factual allegations plausibly support these theories of liability and state a cause of action consistent with the *Twombly* standard to now permit discovery to prove these theories.

## CONCLUSION

Plaintiff respectfully submits that he has alleged sufficient plausible facts to state a claim for negligence based upon actual and constructive notice and is not required to list in a rote manner prior similar incidents at this stage, as it is a matter of proof and not a formulaic pleading requirement. Accordingly, plaintiff submits that discord must deny Defendant's Motion to Dismiss [D.E. 9] Plaintiff's Complaint [D.E. 1].

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 11, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

BY:   */s/ Glenn J. Holzberg*
      GLENN J. HOLZBERG
      Fla. Bar Number: 369551

*Moseley v. Carnival Corporation*
Case No. 20-cv-20419-KMM

# SERVICE LIST
Moseley v. Carnival Corporation
Case No.: 20-CV-20419-KMM

**GLENN J. HOLZBERG, ESQ.**
glenn@holzberglegal.com
FBN: 369551
HOLZBERG LEGAL
Offices at Pinecrest II, Suite 220
7685 S.W. 104th Street
Miami, Florida 33156
Telephone: 305-668-6410
Facsimile:  305-667-6161
*Counsel for Plaintiff*


**JEFFREY E. FOREMAN, ESQ.**
jforeman@fflegal.com
jmanganini@fflegal.com
**NOAH D. SILVERMAN, ESQ.**
nsilverman@fflegal.com
pcampo@fflegal.com
**BRASILIA ECHEVARRIA, ESQ.**
bechevarria@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Carnival*