# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-20419-KMM

RALPH M. MOSELEY,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
                                         /

## ORDER ON MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Carnival Corporation's ("Defendant" or "Carnival") Motion to Dismiss ("Mot.") (ECF No. 9). Plaintiff Ralph M. Moseley ("Plaintiff") filed a response ("Resp.") (ECF No. 14), and Defendant filed a reply ("Reply") (ECF No. 22). The Motion is now ripe for review.

**I.   BACKGROUND**[1]

This is a maritime personal injury action brought by Plaintiff against Carnival for damages Plaintiff sustained while a passenger on the Carnival *Elation*. Compl. ¶ 7. On or about January 30, 2019, Plaintiff departed the cruise ship for an excursion at Half Moon Cay, Carnival's privately-owned island. *Id.* ¶ 17. While walking on a platform of wooden planks, Plaintiff tripped and fell on an uneven plank deck surface, resulting in bodily injury. *Id.*

In the Complaint, Plaintiff alleges one count of negligence against Defendant. *See id* ¶ 21. Now, Defendant moves to dismiss the Complaint for failure to state a claim. *See generally* Mot.

---

[1] The background facts are taken from the Complaint ("Compl.") (ECF No. 1) and accepted as true for purposes of ruling on this Motion. *Fernandez v. Tricam Indus., Inc.*, No. 09-22089-CIV-MOORE/SIMONTON, 2009 WL 10668267, at *1 (S.D. Fla. Oct. 21, 2009).

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alteration omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.   DISCUSSION

Defendant moves to dismiss the Complaint because (1) Plaintiff has not alleged that Carnival had actual or constructive notice of the alleged dangerous condition; and (2) the Complaint is wholly speculative.[2] Mot. at 3. In response, Plaintiff argues that (1) he gives fair

---

[2] Additionally, in the Motion, Defendant moves to dismiss Plaintiff's negligence claim based on Plaintiff's allegation that Defendant failed to comply with the International Safety Management Code ("ISM Code") because the ISM only applies to safety on ships, not land. Mot. at 7–8. Plaintiff does not dispute that the ISM Code does not apply to this land-based tort and has withdrawn this allegation. Resp. at 4–5. However, as set forth more fully herein, because Plaintiff has otherwise sufficiently stated a claim for negligence, the Court declines to dismiss this allegation piecemeal from the negligence count. *See Holguin v. Celebrity Cruises, Inc.*, Nos. 10-20215, 10-20545, 10-20546, 2018 WL 1837808, at *1 (S.D. Fla. May 4, 2010) (declining to dismiss improper duties alleged in a claim for negligence because "[i]t is sufficient that [the count]

notice to Defendant to allege that Defendant either knew or should have known of the dangerous condition; and (2) he sufficiently pleads factual allegations to state a claim for negligence. *See generally* Resp.

"Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law." *Luther v. Carnival Corp.*, 99 F. Supp. 3d 1368, 1370 (S.D. Fla. 2015) (citing *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989)). To establish a claim for negligence, a plaintiff must prove that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). It is well established that a cruise ship operator owes its passengers "the duty of exercising reasonable care under the circumstances of each case." *Torres v. Carnival Corp.*, 635 F. App'x 595, 600–01 (11th Cir. 2015) (citation omitted).

This standard of care "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "The carrier's 'mere creation or maintenance of a defect' alone is not enough to establish liability unless a jury could infer actual or constructive notice." *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 F. App'x 794, 797 (11th Cir. Sept. 26, 2019) (citation omitted). However, "[a] maritime plaintiff can establish constructive notice with evidence that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019).

---

alleges facts supporting *a* duty of care.") (citation omitted). However, to the extent that Plaintiff seeks to recover based on a breach of the ISM Code, recovery will be precluded.

At the motion to dismiss stage, it is sufficient that a plaintiff alleges facts that establish an inference that Defendant had actual or constructive knowledge of the dangerous condition. *See Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1147 (S.D. Fla. 2016) (holding that the plaintiff need not plead with specific detail which policies and procedures were unsafe, only allege that there was a danger that the defendant should have known about). Moreover, factual arguments, such as "foreseeability[,] are more appropriate after discovery at the summary judgment stage or at trial." *See Chaparro*, 693 F.3d at 1337.

Here, Plaintiff sufficiently states a claim for negligence. First, Plaintiff has sufficiently pled notice. As an initial matter, the cases upon which Defendant relies are inapposite. Specifically, Defendant relies on two decisions where plaintiffs—passengers on a cruise line— were injured in motor vehicle accidents during excursions operated by third-parties. *See Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-Civ-Scola, 2018 WL 8895223, *4 (S.D. Fla. Nov. 15, 2019); *Polanco v. Carnival Corp.*, No. 10-21716-CIV-JORDAN, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010).

In *Zhang* and *Polanco*, the plaintiffs filed suit against the respective cruise lines for negligence. *See Zhang*, 2018 WL 8895223, at *1; *Polanco*, 2010 WL 11575228, at *1. To plead notice, each plaintiff alleged that the third-party operator of the excursion was involved in previous motor vehicle accidents. *See Zhang*, 2018 WL 8895223, at *4; *Polanco*, 2010 WL 11575228, at *3. The courts dismissed the plaintiffs' claims, both finding that the plaintiffs failed to adequately plead notice because the plaintiffs did not provide sufficient detail about these prior motor vehicle accidents to establish how the defendants would have known about these accidents nor how these accidents were similar to the one that injured them. *See Zhang*, 2018 WL 8895223, at *4; *Polanco*, 2010 WL 11575228, at *3.

4

However, Defendant has not established that motor vehicle accidents and tripping over a defective wooden platform are sufficiently similar such that these cases are applicable to this matter. Notably, a motor vehicle accident may be a "one-time, non-recurring mishap," which, standing alone, may not establish an inference of "a danger that is capable of being known or foreseen." *Whitover,* 161 F. Supp. 3d at 1147. However, "[a] maritime plaintiff can establish constructive notice with evidence that the 'defective condition exist[ed] for a sufficient period of time to invite corrective measures.'" *Guevara,* 920 F.3d at 720. As such, at the motion to dismiss stage, negligence based on the conduct of a person may require more detailed factual allegations to support an inference of notice than what is required of a plaintiff bringing a negligence claim based on a defective condition.

Moreover, motor vehicle accidents may involve a variety of factors distinguishing each accident: speed, weather conditions, drivers, excursion operators, and road conditions. *See Zhang v. Royal Caribbean Cruises, Ltd.*, 2018 WL 8895223, *4 (S.D. Fla. Nov. 15, 2019); *Polanco v. Carnival Corp.*, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010). Notably, in *Zhang,* the court emphasized that without additional factual information, the court was unable to determine if there was a connection between the prior accidents and the plaintiff's accident. *See Zhang*, 2018 WL 8895223, at 4.

And, Defendant has not established that tripping over a defective wooden plank may involve distinguishable factors, like motor vehicle accidents, such that Plaintiff must provide detailed factual allegations to establish an inference of a connection between the prior incidents and Plaintiff's injury. *See Ash v. Royal Caribbean Cruises, Ltd.*, No. 13-20619-CIV, 2014 WL 6682514, at *4–6 (S.D. Fla. Nov. 25, 2014) (noting that plaintiffs need not plead specific facts demonstrating that the defendant knew or should have known of a dangerous condition, it is

sufficient if plaintiffs allegations "raise a reasonable expectation that discovery will reveal evidence" corroborating their claims) (citations omitted). Thus, the cases upon which Defendant relies are inapposite.

Moreover, Plaintiff sufficiently alleges that Defendant knew or should have known of the defective condition. Defendant argues that its alleged creation of the dangerous condition does not, in of itself, establish notice. Mot. at 5–6. However, Plaintiff does not rely on Defendant's creation of the risk creating condition. Rather, Plaintiff alleges that Carnival knew or should have known of the defective wooden plank because of prior similar incidents and Carnival should have discovered this defect upon inspection. Compl. ¶ 21. Taking all inferences in favor of Plaintiff, which the Court must do at this stage, this is sufficient to establish an inference that Carnival should have known of the defect. *See Witover*, 161 F. Supp. 3d at 1147; *Guevara,* 920 F.3d at 720.

Second, Plaintiff's claims are not wholly speculative. Defendant argues that Plaintiff's allegations are wholly conclusory, as highlighted by Plaintiff's catch-all allegation that Defendant breached its duty "[i]n other ways to be determined through discovery." Mot. at 6. Although the allegation that Defendant highlights is insufficient to state a claim, Plaintiff has otherwise pled sufficient factual allegations to state a claim for negligence. Specifically, Plaintiff alleges that Defendant owed him a duty of reasonable care and breached that duty by, *inter alia*, failing to provide reasonable walking surfaces. Compl. ¶¶ 19–21. And, Plaintiff alleges that he tripped over the uneven plank, resulting in bodily injury. *Id.* ¶ 17. Although a few of Plaintiff's allegations fail to state a claim, a vast majority of Plaintiff's allegations sufficiently state a claim and, thus, this is not a case where it is appropriate to require Plaintiffs to replead for clarity and to narrow

issues for discovery. *See Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 367–67 (11th Cir. 1996) (citation omitted). As such, dismissal of Plaintiff's claim for negligence is not warranted.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, Response, Reply, pertinent portions of the record, and being otherwise fully advised in the premises, is hereby ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 9) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of July, 2020.

*K. M. Moore*

K. MICHAEL MOORE
CHIEF UNITED STATESDISTRICT JUDGE

c:      All counsel of record